

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RAJEV AGARWAL,        )
              )
   Plaintiff,        )
              )  No. 09 C 3680
     v.         )
              )  The Honorable William J. Hibbler
ALLANT GROUP, INC.,      )
              )
   Defendant.       )

## MEMORANDUM OPINION AND ORDER

    Plaintiff Rajev Agarwal brings this suit against his former employer, Allant Group, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Agarwal, who is Eastern Indian, claims Allant Group discriminated against him on the basis of his race and national origin by subjecting him to unfair terms and conditions of employment and subjecting him to a hostile work environment. He originally brought a claim of retaliation as well, but has now voluntarily dismissed that count. Defendant now moves for summary judgment on Agarwal's remaining claims. For the reasons set forth below, the Court GRANTS Defendant's motion.

## I.  Standard of review

    Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a matter of law should be granted in their favor. *Id.* Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to

survive summary judgment. *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Finally, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

## II. Analysis

In this case, the Court need not engage in an in-depth review of the facts because of what is conspicuously absent from both parties' versions: any indication whatsoever that Defendant's actions towards Plaintiff were motivated by race or national origin. In short, the parties agree that Agarwal was frustrated by the way he was treated at work. He thought that his employer was assigning him work outside of his job duties. He was frequently approached by co-workers to help with work on projects that he did not know much about and which distracted him from his responsibilities. He complained about this to his supervisors and his complaints were met with criticism. His supervisors explained that they thought he was not communicating well, and that they did not appreciate his attitude about sharing responsibilities with others. They eventually presented him with a "Performance Deficiency Report" detailing their views. Agarwal responded by resigning his employment.

The parties dispute whether the demands Allant Group made of Agarwal were appropriate, whether Agarwal responded appropriately, and whether Allant Group overreacted by issuing the Performance Deficiency Report. However, for purposes of this motion, these disputes are irrelevant. The fact is that even assuming for the sake of argument that Allant Group's actions constitute adverse employment actions towards Agarwal, Agarwal has presented

no evidence that those actions were motivated by some discriminatory animus. In fact, he barely even mentions race and national origin in his brief and factual statements. The most he suggests is that he felt that his co-workers were biased against him, and that he was afraid to complain of his concerns regarding race and national origin because he thought he might face retaliation.

An employee claiming discrimination in violation of Title VII may prove such discrimination in two ways: the direct method and the indirect method. *Silverman v. Bd. of Educ. of City of Chicago*, 637 F.3d 729, 733 (7th Cir. 2011). Under the direct approach, "the plaintiff must produce sufficient evidence, either direct or circumstantial, to create a triable question of intentional discrimination in the employer's decision." *Id.* Agarwal presents no direct evidence of an intent to discriminate on the basis of race or national origin, so he must rely on a "convincing mosaic" of circumstantial evidence. *Id.* at 734. Agarwal may rely on three types of circumstantial evidence: (1) "suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees [of his race or national origin], and other bits and pieces from which an inference of discriminatory intent might be drawn;" (2) "evidence showing that the employer systematically treated other, similarly situated…employees [of a different race or national origin] better;" and (3) "evidence that the plaintiff suffered an adverse employment action and that the employer's justification is pretextual." *Id.* (internal quotations omitted). Agarwal undoubtedly fails to present evidence falling into the first and second categories. He does not provide any evidence of his employer's actions towards other employees, whether East Indian or not. He does describe comments and actions by his employer that he considered rude, including, at their worst, one of his colleagues acting as if he was going to hit Agarwal with some papers he was holding. However, none of these comments or actions

indicate discriminatory animus, and Agarwal does not even attempt to describe how one might draw such an inference.

Agarwal argues that his employer's justification for its actions are pretextual. However, the evidence does not support his assertion. Allant Group suggests that it criticized Agarwal and subjected him to a Performance Deficiency Report because he did not communicate well and was unwilling to engage in effective teamwork. Agarwal concedes that he complained multiple times about having to help other people do their work. The fact that Agarwal disagrees that his complaints were inappropriate or that he disagrees that he was responsible for helping others is not sufficient evidence that Allant Group is being dishonest about its reasoning. *Id.* at 738. "If such disagreements were enough to avoid summary judgment and go to trial..., summary judgment would become extinct and employer's evaluations of employees would be supplanted by federal juries' evaluations." *Id.* Agarwal does not suggest that Allant Group has changed its reasoning or that it is internally inconsistent. *See id.* at 737 (suggesting that such evidence might provide an appropriate basis for inferring pretext). Instead, he simply disagrees with Allant Group's opinion about the quality of his work.

In order to prevail under the indirect or burden-shifting method, Agarwal must first set forth a *prima facie* case that: (1) he is a member of a protected group; (2) he was performing his duties satisfactorily; (3) he suffered an adverse employment action; and (4) similarly-situated employees that were not members of his protected group were treated more favorably. *Id.* at 736. Even if Agarwal had sufficient evidence to support the first three elements of a *prima facie* case, which he likely does not given his arguments about his performance, he completely fails to set forth any evidence regarding Allant Group's treatment of similarly-situated employees. Thus, he cannot prevail on this method either.

Allant Group may have been rude towards Agarwal. Indeed, the Court cannot conceive of a situation where it would be appropriate for someone to act as if he was going to hit his co-worker with papers. But, Title VII does not prohibit rudeness, it prohibits discrimination on the basis of specified characteristics, such as race and national origin. Agarwal fails to present even a scintilla of evidence of such discrimination in this case. Thus, the Court must dismiss his suit.

## CONCLUSION

For the above reasons, the Court GRANTS Defendant's motion for summary judgment.


IT IS SO ORDERED.


_7/24/11_
Dated

_Wm. J. Hibbler_
Hon. William J. Hibbler
United States District Court

Allant Group may have been rude towards Agarwal. Indeed, the Court cannot conceive of a situation where it would be appropriate for someone to act as if he was going to hit his co-worker with papers. But, Title VII does not prohibit rudeness, it prohibits discrimination on the basis of specified characteristics, such as race and national origin. Agarwal fails to present even a scintilla of evidence of such discrimination in this case. Thus, the Court must dismiss his suit.

## CONCLUSION

For the above reasons, the Court GRANTS Defendant's motion for summary judgment.


IT IS SO ORDERED.


7/26/11
Dated

Hon. William J. Hibbler
United States District Court